*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, KIRKBY, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Paul E. COOPER**
Hospital Corpsman Petty Officer Second Class (E-5), U.S. Navy
*Appellant*

**No. 201500039 (f rev)**

_____

Decided: 24 October 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Robert B. Blazewick (trial)
Marcus N. Fulton (DuBay hearing)
Kimberly J. Kelly (rehearing)

Sentence adjudged 25 January 2023 by a general court-martial tried at Naval Station Mayport, Florida, consisting of a military judge sitting alone. Sentence approved by the convening authority: confinement for three months and a bad-conduct discharge.[1]

For Appellant:
*Major Colin W. Hotard, USMC*

---

[1] Appellant was credited with having served 1,755 days of pretrial confinement.

For Appellee:
*Lieutenant Lan T. Nguyen, JAGC, USN*

Senior Judge KIRKBY delivered the opinion of the Court, in which Chief Judge HOLIFIELD and Judge de GROOT joined.

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————

KIRKBY, Senior Judge:

Appellant was convicted, consistent with his pleas, of one specification of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ).[2]

Appellant asserts one assignment of error (AOE): whether the military judge incorrectly annotated on the Statement of Trial Results (STR) that DNA collection and submission was required. We now hold that we lack jurisdiction on this issue and dismiss Appellant's AOE.

## I. BACKGROUND

This case is before us again following our decision to set aside the findings and sentence and authorize a rehearing.[3] At his rehearing, Appellant pleaded guilty pursuant to a pretrial agreement[4] with the convening authority, to a

---

[2] 10 U.S.C. § 928.

[3] *United States v. Cooper*, 80 M.J. 664 (N.M. Ct. Crim. App. 2020). Following our decision to set aside the findings and sentence based on ineffective assistance of counsel, the Judge Advocate General certified the case to the Court of Appeals for the Armed Forces (CAAF). The CAAF affirmed our decision. *United States v. Cooper*, 82 M.J. 6 (C.A.A.F. 2021).

[4] We note that the agreement in this case (App. Ex. XLVII) is captioned as, and referred to by the military judge and parties as, a "plea agreement." However, the existence of App. Ex. XLVIII – sentence limitations portion of the agreement and the disclosure of the terms therein is conducted on the record in accordance with R.C.M.

single specification of violating Article 128, UCMJ. Appellant now raises a single AOE related to the STR that is included in the record of trial pursuant to Rule for Courts-Martial (R.C.M.) 1101(a). Specifically, Appellant challenges the inclusion of the DNA collection and submission requirement on Block 30 of the Navy-Marine Corps STR.

## II. DISCUSSION

### CCAs Are Courts of Limited Jurisdiction

Congress mandated in Article 60, UCMJ, that a military judge "of a general or special court-martial shall enter into the record of trial a document titled 'Statement of Trial Results.'"[5] By statute, the STR must record three categories of information: (1) "each plea and findings;" (2) "the sentence, if any;" and (3) "such other information as the President may prescribe by regulation."[6] The President implemented Article 60 through R.C.M. 1101(a). The rule requires that, "after final adjournment of a general or special court-martial, the military judge shall sign and include in the record of trial a Statement of Trial Results."[7] Pursuant to R.C.M. 1101(a), the STR must include: (1) the findings; (2) the sentence; (3) the forum; (4) any limitation on punishment due to a plea agreement; (5) information regarding suspension of the sentence; and (6) other information.[8] "Other information" on the STR includes "…additional information directed by the military judge or required under regulations prescribed by the Secretary concerned."[9]

"Findings" and "sentence" are terms of art defined by the President.[10] The sentence is the punishment adjudged by the court-martial when an accused is found guilty.[11] Authorized punishments are listed in R.C.M. 1003(b)(1)-(9). Additional sentence information is specifically contained in R.C.M. 1101(a)(2)(A)-

---

910(f)(3) of the 2012 Manual for Courts-Martial. The agreement therefore is a pretrial agreement reflective of the time of the offense rather than the date of trial.

[5] Article 60(a)(1), UCMJ, 10 U.S.C. § 860(a)(1) (2018).

[6] Article 60(a)(1) (A)-(C), UCMJ.

[7] R.C.M. 1101(a).

[8] R.C.M. 1101(a)(1)-(6).

[9] R.C.M. 1101(a)(6).

[10] R.C.M. 1101(a)(1)(A)-(C).

[11] R.C.M. 1003(a).

(C). It is well recognized that an accused's sentence does not include collateral consequences of the accused's conviction.[12]

In *United States v. Williams,* the CAAF held that the block of the STR relating to firearms restriction, Block 32, was "not part of the findings or sentence and, therefore, the [Army Court of Criminal Appeals] lack[ed] the authority to act upon it."[13] The CAAF specifically found that "[t]he question asked in Block 32 is not a finding because it is not a summary of the charges/specifications leveled against Appellant, a plea of Appellant, or the disposition of a charge." Similarly, the question asked in Block 32 is not "part of the substantive sentence that the Court could have adjudged, or the sentencing information covered by R.C.M. 1101(a)(2)(A)-(C)."[14]

Block 30 of the Navy-Marine Corps STR relates to "DNA collection and submission…in accordance with 10 U.S.C. §1565 and DoDI 5505.14." 10 U.S.C.§ 1565 is not implicated in this case and the parties disagree on the applicability of DoDI 5505.14. However, we need not resolve the disagreement here. Navy-Marine Corps STR Block 30, like the Army Block 32, is "other information"—outside of the findings and sentence.

This Court, like the Army Court of Criminal Appeals, and other service courts of criminal appeals, is an Article I court.[15] As such, our authority stems entirely from statute.[16] We may act only with respect to the findings and sentence as entered into the record under section 860c of this title (article 60c). Neither Article 66(d)(1)(A), UCMJ, nor Article 66(d)(2), UCMJ, grants us the authority to change the DNA collection and submission statement in Block 30 of the Navy-Marine Corps STR.

Therefore, even if we agreed with Appellant regarding the applicability of DoDI 5505.14, any change to Block 30 would be an act beyond our statutory authority.[17]

---

[12] *See United States v. Talkington*, 73 M.J. 212, 213 (C.A.A.F. 2014).

[13] *United States v. Williams,* __ M.J. __, No. 24-0015/AR, slip op. at 10 (C.A.A.F. September 5, 2024).

[14] *Id.*

[15] *United States v. Kelly*, 77 M.J. 404, 406 (C.A.A.F. 2018).

[16] *United States v. Jacobsen*, 77 M.J. 81, 85 (C.A.A.F. 2017).

[17] We assume Appellant is asking us to correct the alleged error on the STR.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact, that no error materially prejudicial to Appellant's substantial rights occurred,[18] but that we lack jurisdiction take the action requested by Appellant. We therefore dismiss Appellant's AOE.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[18] 10 U.S.C. §§ 859, 866.